FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLIN JOHN WILLIAM S., | No. 4:25-CV-05168-SAB |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **ORDER REVERSING THE DECISION OF COMMISSIONER** |
| Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Margaret Lehrkind. The Commissioner is represented by Benjamin Groebner, L. Jamala Edwards and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 11, and the Commissioner's Brief, ECF No. 12.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for further proceedings.

## I.      Jurisdiction

On May 24, 2023, Plaintiff filed an application for disability insurance benefits, alleging disability beginning March 1, 2020. Plaintiff's applications were

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

denied initially and on reconsideration. Plaintiff requested a hearing. On February 4, 2025, a telephonic hearing was held; Plaintiff appeared and testified, and was represented by attorney Evan Marken. Diane Kizer, vocational expert, also participated. The ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, which was denied on October 17, 2025. The ALJ's February 13, 2025 became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 20, 2025. ECF No. 1.

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 37. He had obtained an associate degree and culinary certificate. He stated he received accommodations while in school, including allowing him to sit down and take a break when needed.

In 2009, Plaintiff was injured while in the Marines. He fell 40-60 feet, breaking his leg, resulting in compartment syndrome with all four chambers in his right leg destroyed. He had a foot fasciotomy on each side of his leg. He doesn't feel his leg from the knee down.

Since that time, he has not engaged in full-time work. He has since been rated as 100% disabled by the Veterans Administration[1]  He testified that after he was discharged from the Marines, he never worked full-time. Rather, he worked part-time, tried to go full-time, and it didn't work out. He attempted to work at a restaurant but he had difficulty standing all day. He reported problems staying on task and not being able to focus on things. He experiences anxiety attacks. He uses the TENS unit, ice, lidocaine patches and naproxen as needed to deal with the pain.

He experiences nightmares and has trouble sleeping. He does not socialize or leave the house. He has three children and his wife is the primary care-giver. He rarely goes out of the house alone; usually his wife goes with him.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-26.

---

[1] SERVICE CONNECTED CONDITIONS:  tinnitus 10%; hiatal hernia 30%; major depressive disorder 70%; knee condition 20%; superficial scars 20%; limited motion of ankle 20%; paralysis of anterior tibial n 10%.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2020, through his date last insured of June 30, 2021. AR 19.

At step two, the ALJ identified the following severe impairments: history of right leg fracture/fasciotomy (injured in 2011 with screws removed 2012), obesity, posttraumatic stress disorder (PTSD) and anxiety. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> Light work, as defined in 20 CFR 404.1567(b), including the ability to lift and carry up to 20pounds occasionally and 10 pounds frequently, stand and/or walk up to 6 hours in an 8hour workday, and sit up to 6 hours in an 8 hour workday. He can climb, balance, stoop, kneel, crouch and crawl occasionally, but cannot work on ladders, ropes and scaffolds. He should not have concentrated exposure to hazards. The claimant can perform simple routine work.

AR 27.

At step four, the ALJ found Plaintiff has no past relevant work. AR 24.

In the alternative, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including routing clerk 2, marker, housekeeping cleaner, and router. Consequently, the ALJ found Plaintiff was not disabled from March 1, 2020, through June 30, 2021. AR 26

## VI.  ISSUES

1.  Did the ALJ properly determine Plaintiff's RFC?

2.  Whether the ALJ properly developed the record?

3.  Whether the ALJ's evaluation of Plaintiff's symptom testimony was proper?

4.  Whether the ALJ properly evaluated Angel Southey's law witness statement?

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

## VII.  Discussion

### 1.  Plaintiff's RFC

Plaintiff argues the ALJ erred by assessing Plaintiff's RFC without the support of medical opinion evidence.  Plaintiff points out that no medical opinion in the record supports the ALJ's finding that Plaintiff is capable of performing light exertional level work and was mentally capable of simple routine work. The State agency reviewing physicians opined there was insufficient evidence at the time they reviewed Plaintiff's record to opine on his functional limitations.

The ALJ did not discuss any medical opinions that supported the RFC. This was in error. Although it is the ALJ's responsibility to translate and incorporate medical opinions into a succinct RFC, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015), an ALJ may not render their own medical opinion or independently interpret raw medical evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999)

Here, it is not clear how the ALJ arrived at the RFC. As such, a remand is necessary for the ALJ to properly develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry."). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* Here, the ALJ did none of these.

### 2.  Plaintiff's Testimony

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ erred in failing to provide clear and convincing reasons for rejecting Plaintiff's symptom statements, especially given that the record shows that Plaintiff performed only minimal daily activities and the fact that when Plaintiff performed activities it was usually with limitations. Moreover, the objective medical evidence establishes underlying impairments that could reasonably be expected to produce Plaintiff's allegations of pain. The period in question covers the COVID-19 pandemic, where it was difficult to obtain medical treatment. Even so, the record demonstrates that Plaintiff attempted to obtain mental health treatment but was unable to do so due to red-tape in the VA's health care system, and by the lack of mental health treatment providers in his area.

### 3. Evaluation of Angel Southey's lay witness statement

The ALJ erred in evaluating Angel Southey's lay witness statement by failing to provide germane reasons for rejecting her statement. Instead, the ALJ simply provided boilerplate findings. Here, where Plaintiff has mental impairments, including depressive disorder, anxiety disorder, and PTSD, independent lay witness testimony is valuable.

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

**VIII. Conclusion**

The ALJ's decision that Plaintiff was not disabled is not supported by substantial evidence. As such, remand is necessary for additional proceedings to allow the ALJ to fully develop the record, offer Plaintiff an opportunity for a hearing; reevaluate the medical evidence; reevaluate the claimant's testimony; reevaluate Angel Southey's testimony, and issue a new decision.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded**. On remand, the ALJ shall fully develop the record, offer Plaintiff an opportunity for a hearing; reevaluate the medical evidence; reevaluate the claimant's testimony; reevaluate Angel Southey's testimony, and issue a new decision.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 24th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9